IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT LANGFORD,<br><br>    Defendant. | ORDER<br><br>Case No.  2:07CR421DAK |

   This matter is before the court on several pretrial motions filed by Defendant Robert Langford: Motion for Production of Evidence Favorable to the Accused; Motion for Pretrial *James* Hearing and for Disclosure of Co-conspirator's Statements; Motion to Require Notice of Intent to Introduce F.R.E. Rule 404(b) Material; and Motion for Early *Jencks* Material.  The United States filed responses to Defendant's motions.  The court concludes that a hearing would not significantly aid in its determination of the motions.  Based on the submissions from the parties as well as the facts and law relevant to the present motions, the court enters the following Order.

   Based on the responses of the government, the court finds Defendant's Motion for Production of Evidence Favorable to the Accused and Defendant's Motion to Require Government to Give Notice of Its Intention to Introduce F.R.E. Rule 404(b) Material to be moot.

   Defendant's Motion for Early *Jencks* Material is denied because the government has provided Defendant with access to all of the discovery in this case.  The court agrees with the

government that notes generated by agents in the preparation of an interview report are not discoverable and the substance of those notes are contained in the interview reports.

Finally, Defendant's Motion for Pretrial *James* Hearing and for Disclosure of Co-conspirator's Statements seeks a hearing to determine the admissibility of statements of the co-conspirators testifying in the government's case-in-chief. Alternatively, Defendant requests that the government proffer, prior to trial, the coconspirator statements it seeks to introduce and any independent information the court may need to rule on those statements' admissibility.

Before admitting evidence under Rule 801(d)(2)(E), this court must determine that three elements have been met. First, "by a preponderance of the evidence, a conspiracy existed, [second] the declarant and the defendant were both members of the conspiracy, and [third] the statements were made in the course of and in furtherance of the conspiracy." *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994), *cert. denied,* 513 U.S. 977 (1994).

In making these preliminary determinations, the court can consider any evidence that is not subject to privilege. *United States v. Owens*, 70 F.3d 1118, 1124 (10th Cir. 1995). This includes co-conspirator statements the government seeks to introduce at trial and any other hearsay evidence whether or not that evidence would be admissible at trial. *Id.* The requirement of determining the admissibility of co-conspirator statements "does not involve a right to a pretrial hearing on admissibility." *United States v. Hernandez*, 829 F.2d 993, 994 n.6 (10th Cir. 1987). The court can "make its determination on the basis of proffers or even on . . . what it knows of the available proof from the pretrial or suppression hearings." *Id.* at 994. The court need not hold an evidentiary hearing. *United States v. McClellan*, 165 F.3d 535, 541 (7th Cir. 1999).

To prove the existence of a conspiracy, the government must show "that two or more persons agreed to violate the law, that the Defendant knew at least essential objectives of the conspiracy, . . that the Defendant knowingly and voluntarily became part of it, and that the alleged co-conspirators were interdependent." *United States v.* Evans, 970 F.2d 663, 668 (10th Cir. 1992). The defendants' agreement to violate the law can be inferred from the defendants' acts. *Id.* The coconspirators' actions may be diverse and far ranging and still be deemed a single conspiracy if "there is sufficient proof of mutual dependence and assistance." *United States v. Roberts*, 14 F.3d 502, 514 (10th Cir. 1993). The ultimate question is whether the activities are tied to a common, illicit goal. *See Owens*, 70 F.3d at 1126.

The government proffers evidence from paragraph eleven of the plea agreements of Scott Boley and Douglas Morby. The government intends to call both as witnesses in its case-in-chief. Testimony consistent with those statements would allow a jury to determine that the alleged conspirators were engaged in conduct that constituted a conspiracy. The statements by Boley and Morby establish that two or more persons agreed to a participate in an illegal enterprise. In addition, the proffered evidence establishes that the individuals had various roles and involvement in the conspiracy. Moreover, the evidence shows that each of the participants were aware of the essential objectives of the conspiracy and were knowing participants in a common, illicit goal.

The court concludes that there is no need for a pretrial *James* hearing. The admissibility of specific co-conspirator statements offered by the government can be ruled on at trial. Accordingly, the court denies Defendant's motion for a *James* hearing.

With respect to the upcoming trial set to begin on Monday, March 17, 2008, the court requests that the parties submit any proposed voir dire to the court by Thursday, March 13, 2008. The parties shall also meet and stipulate to a summary of the indictment which can be read by the court. This summary should also be submitted to the court by Thursday, March 13, 2008.

The parties are further requested to meet and stipulate to as many of the jury instructions as possible. The parties shall submit a joint set of stipulated instructions to the court on the first day of trial. If there are any instructions that cannot be stipulated to, each party may submit their proposed instructions separately. A courtesy copy of all instructions should be emailed, in WordPerfect format, to utdecf_kimball@utd.uscourts.gov no later than the end of the day on Monday, March 17, 2008.

DATED this 7th day of March, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge